COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


THOMAS O. PETREE

v.          Record No. 0603-95-2          MEMORANDUM OPINION[*]
                                             PER CURIAM
MARIE T. PETREE                            OCTOBER 17, 1995


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     Herbert C. Gill, Jr., Judge

          (Janet E. Brown, on brief), for appellant.

          (Gail H. Miller; Smith & Miller, on brief), for
       appellee.


       Thomas O. Petree (husband) appeals the decision of the

circuit court entering a qualified domestic relations order

naming Marie T. Petree (wife) as the alternative payee for

pension benefits due husband from his pension.  Husband contends

that the court erred in construing the parties' property

settlement agreement to give wife an interest in the Kemper

National Retirement Plan.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

       "Property settlement and support agreements are subject to

the same rules of construction and interpretation applicable to

contracts generally."  Fry v. Schwarting, 4 Va. App. 173, 180,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

355 S.E.2d 342, 346 (1987).  "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court."  Id.

At the ore tenus hearing, husband admitted that at the time the parties entered into the agreement, he was a participant in only one retirement plan and he did not know the plan's precise name.  In the settlement agreement signed by the parties in 1987, the parties referred to husband's retirement plan as the "Kemper Corporation Retirement Plan."  The plan in which husband actually is a participant is the "Kemper National Retirement Plan."

"'The tendency of the courts is to give to contracts life and virility by interpretation of their fair intendment--not to destroy them.'"  Jennings v. Jennings, 12 Va. App. 1187, 1194, 409 S.E.2d 8, 13 (1991) (citation omitted).  The plain reading of the agreement indicates that husband and wife agreed that wife was entitled to fifty percent of husband's retirement benefits.  Under husband's proffered interpretation of the agreement, he agreed to share with wife fifty percent of something in which he had no interest, while presumably retaining an undiminished interest in his full pension benefits.  This interpretation is inconsistent with the stated purpose of the agreement to "settle all rights, interests, and obligations between them" and "in complete and final settlement of the interests of each in any

property, estate or interest of the other."

Accordingly, the decision of the circuit court is summarily affirmed.

_Affirmed._
